HEIRS OF JUANA RAMOS LATOUR, Plaintiffs and Appellants, v. JOSÉ RIVERA SALAMÁN ET AL., Defendants and Appellees.

No. 5347. Argued June 9, 1930.—Decided June 27, 1930.

A. *Marín* for appellants. *Manuel F. Rossy* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

Under section 192 of the Code of Civil Procedure when a plaintiff dismisses a case and agrees to pay the costs he does not consent to pay attorneys' fees, and if the court imposes costs without excluding attorneys' fees, or in other words, does not limit the costs to the ones arising in the clerk's office such a plaintiff has a right to appeal from the judgment fixing the costs in this unlimited way. Perhaps it might be necessary for the plaintiff to make a motion asking a limitation. *Vicente et al.* v. *Malavé*, 39 P.R.R. 339. This, however, is a motion to dismiss an appeal because the judgment is a consented one and we are now merely deciding that the consent does not extend to the general imposition of costs including attorneys' fees, as that was not the fundamental idea of section 192. As appellants point out there is no suggestion in the motion to dismiss that the appeal be considered frivolous.

The notice of appeal contained the statement that the judgment was appealed from in so far as it imposed costs. Section 296 of the Code of Civil Procedure provides:

"An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney."

Thereunder the appellants had a right to appeal from the imposition of costs.

Apparently also the appellees maintain that the appeal was too late. In the court below a memorandum of costs was presented. The appellants attacked the memorandum on the ground that it was prematurely filed as the time for appealing had not lapsed. He waived nothing thereby. Hence we have to consider if the appeal is too late.

Appellants say that the judgment was not notified to him. The record or certificate of the clerk certified up to us does not disclose that the clerk filed in the papers of the case a copy of the notice to the losing party in accordance with section 2 of the Act of March 9, 1911 (Compilation, p. 865). It is from such notice that the term for appealing runs. See concurring opinion in *Cruz et al.* v. *Heirs of Jiménez,* 32 P. R.R. 767, 774.

The motion to dismiss will be denied.